IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| PROFESSIONAL, INC. d/b/a, PROFESSIONALS AUTO BODY, <br><br>Plaintiff, <br><br>v. <br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, <br><br>Defendant. | Civil Action No.: 3:17-cv-00185-KRG <br><br>**JUDGE KIM R. GIBSON** |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties move for entry of this Protective Order governing the disclosure of Confidential Material in this matter.

IT IS HEREBY ORDERED:

### I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Court has entered the following Protective Order ("Order"). The Order does not confer blanket protection on all disclosures or responses to discovery, but affords protection from public disclosure of the information or items that are designated confidential pursuant to the Order.

### II. DEFINITIONS

For purposes of this Order:

> a) "Confidential Material" means materials which the designating party deems to constitute trade secrets, know-how, technical, sales, training, operations, processes, customer information, proprietary information and/or

commercial or financial information that the designating party has maintained in confidence, and/or personal identifying information protected under applicable federal and state privacy laws and Local Court Rule 5.2(D). It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of any other party or person to maintain confidentiality hereunder shall commence with such notice. Material may be marked "highly confidential" if it is for "attorneys' eyes only" and then may be used only by attorneys for the parties and retained experts.

 b) "Producing party" or "designating party" shall mean the party (and/or its outside counsel) who is producing Confidential Material to another party and who in good faith deems that information confidential.

 c) "Receiving party" or "non-designating party" shall mean the party (and/or its outside counsel) who receives the Confidential Material supplied by the producing party.

 d) "Outside counsel" shall mean the law firms engaged by Plaintiff and the Defendant to represent them in this litigation.

 e) "Document" and "Documents" means the original and all copies and prior drafts or any information in any written, recorded or graphic form, including but not limited to, memoranda, catalogs and summaries of information or data, whether originally typed, handwritten, printed, recorded, in electronic format, or otherwise produced or reproduced, and includes all photographs, microfilm, microfiche, or other reproduction thereof, including but not limited to each and

every note, memorandum, letter, electronic mail, text message, instant message, publication, circular, release, article, report, book, record financial statement, computer disc, list, index, account book, draft, summary, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, videotape, cassette tape, or film.

f) "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals thereof, to a "party" or their "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process.

g) "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

### III. SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) all copies, excerpts, summaries, or compilations of Confidential Material; and (2) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

A. <u>Basic Principles</u>. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and shall not use Confidential Material for any other purpose. Confidential Material may be disclosed only to the categories of persons and under

the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The restrictions on use of Confidential Material contained in this Order shall not apply to the producing party.

B.   <u>Disclosure of "CONFIDENTIAL" Information or Material</u>.   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Confidential Material only to:

(a) counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties designate a particular document or material produced "highly confidential;"

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). A signed copy of Exhibit A must be maintained by the party engaging the expert and/or consultant.

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Transcribed

deposition testimony or exhibits to depositions that reveal Confidential Material may be deemed confidential by either party and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

C.   Filing Confidential Material.   All Confidential Material must be redacted before filing or filed under seal. Local Civil Rule 5.2(H) sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

## V.   DESIGNATING PROTECTED MATERIAL

A.   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to material that in good faith qualifies under the appropriate standards. If it comes to a designating party's attention that information or items designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

B.   Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly designated before or when the material is disclosed or produced.

(a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Confidential Material.

(b) Responses to interrogatories and other discovery requests: If a response to an interrogatory or other discovery request contains confidential information, the response shall be provided in a separate document, appended to the main body of responses and incorporated by reference therein. The response to the interrogatory or discovery request in the main body of the responses should be "Requests confidential information, see response in confidential addendum, which response is incorporated fully herein by reference." The party designating the interrogatory and/or discovery responses confidential shall affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the separate document appended to the responses.

(c) Testimony given in deposition or in other pretrial or trial proceedings: the parties can identify on the record, during the deposition, hearing, or other proceeding, all protected testimony they deem confidential, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving a deposition transcript, designate the transcript, portions of the transcript or exhibits thereto, as confidential.

(d) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(e) Materials that exist only in digital format: for materials that exist only in digital format, the producing party shall produce a placeholder document identifying the digital material by file name and mark the placeholder document consistent with subparagraph (a) above. Also, to the extent feasible, the producing party will include a reference in the name of the file to its confidential status.

C.     Failures to Designate. A failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

C.     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, either party may seek an audience with the court to seek a determination as to whether the designation is appropriate under Local Civil Rule 7. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties)

may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

1. promptly notify the designating party in writing and include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

3. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; APPLICABILITY OF FEDERAL RULE OF EVIDENCE 502(d)

A. No Waiver by Disclosure. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected Discovery Material. Subject to the provisions of this Order, if a Producing Party discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

B. Notification Requirements; Best Efforts of Receiving Party. A Producing Party must promptly notify the Receiving Party, in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with subparagraph C—promptly: (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has; and (b) provide a certification that it will cease further review, dissemination and use

9

of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

C. Contesting Claims of Privilege or Protection as Trial Preparation Material. If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must—within 30 days of receipt of the notification referenced in subparagraph B—move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

D. Stipulated Time Periods. The parties may stipulate to extend the time periods set forth in subparagraphs B and C.

E. Burden of Proving Privilege or Protection as Trial Preparation Material. The Disclosing Party retains the burden—upon challenge pursuant to subparagraph C—of establishing the privileged or protected nature of the Protected Information.

F. In Camera Review. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

G. Voluntary and Subject Matter Waiver. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The

provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

H. Rule 502(b)(2). The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

I. Other Clawback and Confidentiality Obligations. This Order does not affect or rescind any clawback agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

J. Severability. The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

## X. NON TERMINATION AND RETURN OF DOCUMENTS

Within thirty (30) days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by receiving party and the receiving party has specified what has been returned by it. Alternatively, the parties may agree upon appropriate methods of destruction. In such a situation, the receiving party shall certify that all items containing the producing party's confidential information have been returned and/or destroyed, respectively.

Notwithstanding this provision, counsel (including in-house counsel) are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. The confidentiality

obligations imposed by this Order shall remain in effect until the designating party agrees in writing or a court orders otherwise.

**IT IS SO ORDERED**

Date: February 16, 2018

_____
The Honorable Kim R. Gibson
United State District Judge