**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

| | | |
|---|---|---|
| PROFESSIONAL, INC. d/b/a, | ) | |
| PROFESSIONALS AUTO BODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:17-cv-00185-KRG |
| | ) | |
| PROGRESSIVE CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROGRESSIVE CASUALTY INSURANCE COMPANY'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY ("Progressive" or "Defendant") hereby responds to Plaintiff's Amended Complaint as follows:

1.      Plaintiff, Professional, Inc., d/b/a Professionals Auto Body, is a corporation incorporated pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1109 Plank Road, Duncansville, Blair County, Pennsylvania.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendant, Progressive Casualty Insurance Company, is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with an address 6300 Wilson Mills Road, Cleveland, Ohio 44143.

**Answer:** Progressive admits the allegations contained in Paragraph 2 of the Amended Complaint.

3.     Plaintiff, Professional, Inc., is an automobile body repair shop with locations in the Duncansville and Altoona areas.

**Answer:**  Progressive admits the allegations contained in Paragraph 3 of the Amended Complaint.

4.     Defendant is an insurance company licensed to and actually provides automobile insurance coverage for automobile owners in the Commonwealth of Pennsylvania.

**Answer:**  Progressive admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.     In the Commonwealth of Pennsylvania, the right of the owner of a damaged automobile to choose a repair shop is preserved by Pennsylvania law at 63 P.S. §861.

**Answer:**   Paragraph 5 of the Amended Complaint states Plaintiff's contentions and conclusions of law and therefore no response is required.  By way of further response, Progressive states that 63 P.S. Sec. 861 speaks for itself.

6.     Individuals identified in Exhibit A either insured by Defendant or having received property damage from an individual insured by Defendant, brought their automobiles to Plaintiff's auto body repair shop for repairs that were to be covered pursuant to the respective insurance policy whether the policy was by and between the owner of the automobile or a policy with the liable third party.

**Answer:**  To the extent Paragraph 6 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in paragraph 6 of the Amended Complaint except admits that certain individuals identified in Exhibit A were insured by Progressive and had their automobiles repaired at Plaintiff's auto body repair shop.

7.     The automobile owners referenced herein did select Plaintiff to make repairs to their damaged automobiles and provided a written authorization to Plaintiff to perform those repairs reasonable and necessary for the vehicles to be brought back into their pre-loss condition.

**Answer:**  Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.     The identified automobile owners also executed an assignment of proceeds authorizing Plaintiff to recover any unpaid amount for services rendered and repairs made by Plaintiff pursuant to their request and authorization of each automobile owner.   A true and correct copy of the Assignments of Proceeds are attached hereto and made a part hereof collectively as Exhibit A.

**Answer:**   To the extent Paragraph 8 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  Progressive further states that the documents contained in Exhibit A speak for themselves.

9.     Defendant made partial payments to Plaintiff for repairs to the named individuals' automobiles, but failed to make full payment for services rendered and repairs made which were reasonable and necessary to bring the vehicles back to their pre-loss condition.

**Answer:** To the extent Paragraph 9 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations in Paragraph 9 of the Amended Complaint.

10.     The unpaid balances for the reasonable and necessary repairs are $130,575.16, together with delay time costs of $550,236.13, together with administrative costs of $32,161.61, for a total amount of no less than $712,972.90.

**Answer:**  Progressive denies the allegations in Paragraph 10 of the Amended Complaint.

11.     Plaintiff requested the unpaid balances from Defendant in each instance as identified in the documents in Exhibit A as "Supplement." Despite these requests, Defendant has failed or refused to render full payment for all reasonable and necessary repairs.

**Answer:**  Progressive denies the allegations in Paragraph 11 of the Amended Complaint.

12.     Due to the refusal of Defendant to make payment of the full sum due and owing to Plaintiff for services provided relative to each automobile owner, Plaintiff has been greatly damaged by the loss of income, the need to utilize additional administrative resources to obtain any payment, delay in repair cycles and the provision of parts and services for which it was never properly compensated by the various insurers.

**Answer:**  To the extent Paragraph 12 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Over the time frame set forth in the documents in Exhibit A Defendant has engaged in intentional, ongoing and concerting courses of conduct in order to improperly and illegally control and depress the costs of automobile repairs, which has all been to the detriment of Plaintiff and the substantial benefit of Defendant.

**Answer:** To the extent Paragraph 13 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Plaintiff has been put in the untenable position of having to provide all necessary repair services in order to bring each damaged vehicle back to its pre-loss condition without ever receiving full reimbursement for the labor and costs involved in making those necessary repairs, which has resulted in Plaintiff regularly making repairs without compensation and to its own financial detriment.

**Answer:**  Progressive denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Attached to this Complaint as Exhibit "A" are documents relating to each individual automobile owner whose cost of repairs was not fully paid by Defendant as indicated and averred in the foregoing paragraphs.

**Answer:** Progressive denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     For example but not by way of limitation, automobile owner Bradley Owlett, brought his 2004 Chevy Avalanche to Plaintiff for repair services in March 2015.

**Answer:**  Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.     After an inspection of the damage to the vehicle, Defendant did elect for repairs to be performed rather than to replace the vehicle as a total loss.

**Answer:**  Progressive denies knowledge or information sufficient to form a belief as to whether the vehicle owner elected to repair the vehicle and denies knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph 17 of the Amended Complaint.

18.     Plaintiff utilized a licensed appraiser at its facility to review all damage, determine necessary repair procedures and prepare a repair estimate, which was then submitted to Defendant.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Mr. Owlett executed an Assignment of Proceeds, Authorization to Handle Your Claim and Repairs form, and Damage Report Authorization, copies of which are a part of Exhibit A.

**Answer:**   Progressive states that the documents contained in Exhibit A to Plaintiff's Amended Complaint speak for themselves.   To the extent a further response is required, Progressive denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Mr. Owlett elected to have his vehicle repaired to the best of Plaintiff's ability using original manufactured parts and high quality materials.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Plaintiff sent notice to Defendant that Mr. Owlett brought his vehicle to Plaintiff's repair facility and the charges which would accrue for delays on the part of Defendant.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint. To the extent Plaintiff is referencing a specific document contained in Exhibit A to Plaintiff's Amended Complaint, Progressive states that those documents speak for themselves.

22.     Plaintiff notified Defendant of the original estimate and supplemental charges.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant made partial payment but did not pay Plaintiff in full for the reasonable and necessary repairs.

**Answer:** Progressive denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Despite requests for the full reimbursement of the parts and labor invested which were necessary and reasonable to bring Mr. Owlett's vehicle to its pre-loss condition, Plaintiff remains unpaid in the amount of $847.28 for the parts and labor, together with delay time costs in the amount of $6,965.81, together with Administrative costs in the amount of $434.00.

**Answer:** Progressive denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Mr. Owlett is just one example of such practices by Defendant. A complete list of the instances giving rise to this Complaint is attached as Exhibit A.

**Answer:**  Progressive denies the allegations contained in Paragraph 25 of the Amended Complaint.

## COUNT I – QUANTUM MERUIT/UNJUST ENRICHMENT

26.     Plaintiff hereby incorporates by reference all of the foregoing paragraphs by reference as if again fully set forth.

**Answer:** Progressive incorporates all of its responses to Paragraphs 1 – 25 of the Amended Complaint as though fully set forth herein.

27.     Plaintiff is in the business of repairing damaged automobiles to their pre-loss condition.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Relative to each transaction identified in Exhibit A Plaintiff was contacted by the customer and then, pursuant to the customer's authorization, expended significant costs in the sense of labor and materials to the benefit of Defendant and Defendant's claimant or insured.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint, and specifically denies that any benefit was conferred by Plaintiff.

29.     In each of the transactions identified in Exhibit A, the Defendant is required by either contract or tort law to provide payment on behalf of each claimant for all repairs and services rendered.

**Answer:** To the extent Paragraph 29 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Plaintiff made the reasonable and necessary repairs to the vehicles identified in Exhibit A to bring the vehicles as close to their pre-loss condition as possible and in compliance with the standards requested by the vehicle owners despite not being fully compensated by Defendant.

**Answer:** Progressive denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     In doing so, Plaintiff conferred a benefit on Defendant in that Defendant's customers were satisfied with the repairs, did not take action against Defendant for insufficient repairs, and remained customers of Defendant.

**Answer:** Progressive denies the allegations contained in Paragraph 31 of the Amended Complaint except admits that some of the customers identified in Exhibit A are still customers of Defendant.

32.     Moreover, Defendant has received a benefit of having the repairs it was required to pay for completed without having fully compensated Plaintiff for said repairs.

**Answer:** To the extent Paragraph 32 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     While Plaintiff has provided full and complete information with regard to each necessary repair and transaction, Defendant has repeatedly failed and/or refused to provide full payment for all of the services and materials rendered to each automobile owner.

**Answer:** Progressive denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendant's refusal to fully reimburse Plaintiff for the repairs provided has unjustly enriched each Defendant in each transaction by the sum of the difference between what is due to Plaintiff and what Defendant independently determined and unilaterally determined it would.

**Answer:** To the extent Paragraph 34 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant is aware that a significant benefit has been received by Defendant from its refusal to pay the full amount for repair of each vehicle, and the bottom line of Defendant has been increased by each refusal to pay the full sum due and owing for the proper repairs that were completed for each vehicle.

**Answer:** To the extent Paragraph 35 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     As a result of the actions, failures and/or omissions of Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

**Answer:** Progressive denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**Answer:** Progressive denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants continue to retain all benefits despite objection of the Plaintiff.

**Answer:** Progressive denies the allegations contained in Paragraph 38 of the Amended Complaint.

## COUNT II – BREACH OF CONTRACT

39.     Plaintiff hereby incorporates all of the foregoing paragraphs by reference as if each paragraph was again fully set forth.

**Answer:**  Progressive incorporates all of its responses to Paragraphs 1 through 38 of the Amended Complaint as though fully set forth herein.

40.     Defendant had a contractual duty to pay for repairs to the vehicles identified in Exhibit A through the insurance policies Defendant entered into either directly with the individuals identified in Exhibit A or the persons who caused damage to those individuals' vehicles. A true and correct copy of a sample of Defendant's insurance policies are attached hereto and made a part hereof as Exhibit B.

**Answer:**  To the extent Paragraph 40 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive states that its policy terms speak for themselves.  Progressive also denies that a "true and correct copy of a sample of Defendant's insurance policies" is attached to the Amended Complaint.   Progressive denies the remainder of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Under each policy, a voluntary alternative dispute resolution of requesting an independent appraiser was offered; however neither Plaintiff nor Defendant opted to utilize that option.

**Answer:**  Progressive states that its policy terms speak for themselves. Progressive denies knowledge or information sufficient to form a belief as to the truth of whether Plaintiff invoked the independent appraisal provision in Progressive's insurance policies.

42.     In the policies, Defendant agrees to pay any and all damages for which the insured becomes liable caused by an accident.

**Answer:**   To the extent Paragraph 42 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive states that its policy terms speak for themselves.

43.     In each of the transactions identified in Exhibit A, Defendant has represented that it did have an obligation to pay and did partially perform its duty to make payment by making a partial payment relative to all repairs rendered.

**Answer:**  Progressive denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     In each of the instances identified in Exhibit A, Defendant has failed/refused to pay the full amount due to Plaintiff as each amount due is what was required in order to fully and properly make the necessary and reasonable repairs to the vehicle.

**Answer:**  Progressive denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     By making partial payments to Plaintiff for the work performed, Defendant acknowledged a duty to pay Plaintiff for repairs to the vehicles owned by the individuals identified in Exhibit A.

**Answer:**  To the extent Paragraph 45 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Plaintiff, by way of the Assignments identified in Exhibit A, is stepping into the customer's shoes to pursue damages under the contractual obligations Defendant owed to the individuals identified in Exhibit A.

**Answer:**  To the extent Paragraph 46 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendant has failed to make payment in full of its obligation to Plaintiff under the terms of the contract.

**Answer:**  To the extent Paragraph 47 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Failure and/or refusal of Defendant to pay the full and complete costs of repairs constitute a breach of the agreement whereby Plaintiff completed repairs to each vehicle with the understanding that payment in full would be received.

**Answer:** To the extent Paragraph 48 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     As a result of the actions, failures and/or omissions of Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

**Answer:** Progressive denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**Answer:**  Progressive denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     By Defendant's failure and/or refusal to make payment in full, Plaintiff has now been damaged in the sum of $130,575.16, together with the delay time costs of $550,236.13, together with the administrative costs of $32,161.61 for a total amount of no less than $712,972.90.

**Answer:**  Progressive denies the allegations contained in Paragraph 51 of the Amended Complaint.

## **COUNT III – BAD FAITH**

52.     Plaintiff hereby incorporates all of the foregoing paragraphs by reference as if each paragraph was again fully set forth.

**Answer:**  Progressive incorporates all of its responses to Paragraphs 1 through 51 of the Amended Complaint as though fully set forth herein.

53.     Plaintiff received Assignment of Proceeds from each individual identified in Exhibit A.

**Answer:**   To the extent Paragraph 53 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

54.    The third paragraph of the Assignment of Proceeds states "In consideration of Professionals Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs."

**Answer:**   Progressive states that documents contained in Exhibit A to the Amended Complaint speak for themselves.

55.    Further, the first paragraph on page two of the Assignment of Proceeds states "This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs."

**Answer:**   Progressive states that documents contained in Exhibit A to the Amended Complaint speak for themselves.

56.    The entitlement to pursue damages for bad faith is assignable in Pennsylvania. *See Allstate Property and Casualty Insurance Company v. Wolfe*, 105 A.3d 1181, 1188 (2014).

**Answer:**   To the extent Paragraph 56 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.    By virtue of the Assignments of Proceeds and applicable law, Plaintiff has standing to pursue an action for bad faith against Defendant.

**Answer:**   To the extent Paragraph 57 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 57.  In addition, Progressive states that

Plaintiff's bad faith claims on behalf of third party claimants were dismissed pursuant to the

Court's February 26, 2018 Order.

58.     Defendant had a requirement under the Pennsylvania Motor Vehicle Physical Damage Appraiser Act and/or regulations relating to the same to have its appraisers: (1) conduct themselves in such a manner as to inspire public confidence by fair and honorable dealings; (2) approach the appraisal of damaged property without prejudice against, or favoritism toward, any party involved in order to make fair and impartial appraisals; (3) disregard any efforts on the part of others to influence their judgment in the interest of the parties involved; and (4) prepare independent appraisals of damage.

**Answer:** To the extent Paragraph 58 of the Amended Complaint states Plaintiff's

contentions and conclusions of law, no response is required.  To the extent a response is required,

Progressive states that the Pennsylvania Motor Vehicle Physical Damage Appraiser Act speaks for

itself.

59.     Moreover, the Pennsylvania Motor Vehicle Physical Damage Appraiser Act prohibits an appraiser or his employer from requiring that repairs be made in any specified repair shop.

**Answer:** To the extent Paragraph 59 of the Amended Complaint states Plaintiff's

contentions and conclusions of law, no response is required.  To the extent a response is required,

Progressive states that the Pennsylvania Motor Vehicle Physical Damage Appraiser Act speaks for

itself.

60.     Defendant, by and through its appraisers, violated the requirements of the Motor Vehicle Physical Damage Appraiser Act by failing to make reasonable estimates of the damages due the vehicles identified on Exhibit A.

**Answer:**  Progressive denies the allegations contained in Paragraph 60 of the Amended

Complaint.

61.     Defendant, by and through its appraisers and/or adjusters, further violated the requirements of the Motor Vehicle Physical Damage Appraiser Act by attempting to influence Plaintiff to utilize parts and/or services which were inferior to the standards Plaintiff is known for and as requested by the individuals identified in Exhibit A.

**Answer:**  Progressive denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Additionally, Defendant had a contractual duty through the insurance policies it had either directly with the individuals identified on Exhibit A or with individuals causing damage to the individuals identified on Exhibit A, to pay all reasonable and necessary costs to bring the vehicles back to their pre-loss condition.

**Answer:**  To the extent Paragraph 62 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive states that its insurance policies speak for themselves.

63.     Defendant has failed or refused to pay the full reasonable and necessary costs for the repair of the vehicles set forth on Exhibit A.

**Answer:**  Progressive denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendant did not have a reasonable basis for failure to make full payment as the costs set forth by Plaintiff are reasonable and necessary to return the vehicles to as close to their pre-loss condition as possible and according to the standards the vehicle owners requested.

**Answer:**  Progressive denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendant knew or recklessly disregarded its lack of reasonable basis in refusing to pay in full the reasonable and necessary costs to return the vehicles to as close to their pre-loss condition as possible and according to the standards the vehicle owners requested.

**Answer:** Progressive denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant, by and through its appraisers and/or adjusters, failed to act with diligence in assessing the damages to the vehicles identified in Exhibit A.

**Answer:** Progressive denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant, by and through its appraisers and/or adjusters, made unreasonable denials and failed to properly handle the claims in Exhibit A.

**Answer:**  Progressive denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendant is therefore liable for those bad faith remedies available to Plaintiff by virtue of 42 Pa. C.S.A. § 8371, including but not limited to attorney's fees and punitive damages.

**Answer:**  To the extent Paragraph 68 of the Amended Complaint states Plaintiff's contentions and conclusions of law, no response is required.  To the extent a response is required, Progressive denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     As a result of the actions, failures and/or omissions of Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

**Answer:**  Progressive denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**Answer:**  Progressive denies the allegations contained in Paragraph 70 of the Amended Complaint.

## COUNT IV – INTENTIONAL INTERFERENCE WITH BUSINESS

71.     Plaintiff hereby incorporates all the foregoing paragraphs by references as if each paragraph was again fully set forth.

**Answer:**  Progressive incorporates all of its responses to Paragraphs 1 through 70 of the Amended Complaint as though fully set forth herein.

72.     The primary element of an action for tortious interference is the existence of a contract. *See Hillis Adjustment Agency, Inc. v. Graham Co.*, 911 A.2d 1008, 1012 (Pa. Super. 2006).

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 72 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

73.     Plaintiff had a contract with each of the vehicle owners identified in Exhibit A to repair each to satisfaction of the owner by putting the same into its pre-loss condition and to perform all reasonable and necessary repairs to the vehicle to accomplish that directive.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 73 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

74.     Pennsylvania law recognizes that tortious claims can evolve from a contractual relationship and are separate from any action on the underlying contract.   *See Bruno v. Erie Insurance Co.*, 106 A.3d 48 (2014).

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 74 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

75.     In the insurance policies, a copy of an example of each is attached as Exhibit B, Defendant agrees to pay any and all damages for which the insured becomes liable caused by an accident.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 75 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

76.     Defendant purposefully and intentionally interfered with the contractual relationship between Plaintiff and the individuals identified on Exhibit A by failing and/or refusing to pay for all reasonable and necessary repairs.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 76 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

77.     Moreover, Defendant attempted to direct Plaintiff to utilize inferior parts and/or to perform inferior service, which would have prevented Plaintiff from fully performing its duties under the attached contracts.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 77 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

78.     Defendant lacked privilege or justification for such interference.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 78 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

79.     Despite Defendant's intentional interference, Plaintiff still completed the terms of its contract with each vehicle owner by performing all reasonable and necessary repairs to place the vehicles in their pre-loss condition.

**Answer:**  Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 79 of the Amended Complaint is required.  *See* Order (Feb. 26, 2018) ECF No. 37.

80.     Plaintiff suffered harm in that it has not received full compensation from Defendant for the reasonable and necessary repairs to each vehicle.

**Answer:**   Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 80 of the Amended Complaint is required.   *See* Order (Feb. 26, 2018) ECF No. 37.

81.     Plaintiff notified Defendant of the additional costs in each "Supplement" as identified in Exhibit A.

**Answer:**   Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 81 of the Amended Complaint is required.   *See* Order (Feb. 26, 2018) ECF No. 37.

82.     Defendant's conduct has created delays in repair of each vehicle, resulting in Plaintiff's loss of business and incurrence of potential liability for the storage of each vehicle, as well as additional administrative costs.

**Answer:**   Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 82 of the Amended Complaint is required.   *See* Order (Feb. 26, 2018) ECF No. 37.

83.     Defendant's conduct was unreasonable, intentional, extreme, outrageous, and malicious under the circumstances.

**Answer:**   Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 83 of the Amended Complaint is required.   *See* Order (Feb. 26, 2018) ECF No. 37.

84. As a result of the actions, failures and/or omissions of Defendant, Plaintiff suffered additional damages in the form of delay time cost and administrative costs for each instance.

**Answer:** Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 84 of the Amended Complaint is required. *See* Order (Feb. 26, 2018) ECF No. 37.

85. Said delay time costs and administrative costs were part of and required in the reasonable and necessary repairs to each vehicle to restore the vehicle to its pre-loss condition and to the satisfaction of the owner of the vehicle.

**Answer:** Pursuant to the Court's Order dated February 26, 2018, Plaintiff's fourth cause of action for tortious interference with business was dismissed and therefore no response to paragraph 85 of the Amended Complaint is required. *See* Order (Feb. 26, 2018) ECF No. 37.

The remaining allegations in the Amended Complaint are prayers for relief to which no response is necessary. To the extent a response is required, Progressive denies that Plaintiff is entitled to any relief.

All allegations in the Amended Complaint not hereto admitted, denied or otherwise explained are specifically denied as though set forth individually and separately denied.

## AFFIRMATIVE DEFENSES

Progressive sets forth the following affirmative and other defenses to Plaintiff's Amended Complaint. Defendant does not intend to assume the burden of proof with respect to any matters as to which Plaintiff bears the burden under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The granting of Plaintiff's demands in the Amended Complaint would result in unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's grievances should be addressed by the Office of Insurance Regulation and therefore this court lacks jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendant is permitted under the laws and regulations of the State of Pennsylvania and elsewhere.

## SIXTH AFFIRMATIVE DEFENSE

Defendant, at all times, complied with and fulfilled all of its obligations under any and all insurance laws and regulations, including the applicable Circular Letter(s) issued by the Pennsylvania Office of Insurance Regulation and court opinions interpreting the applicable insurance laws and regulations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the appraisal provision in Progressive's insurance policies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they did not sustain any ascertainable losses or damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are not entitled to attorneys' fees, punitive damages, or treble damages.

## TENTH AFFIRMATIVE DEFENSE

Progressive at all times complied with its contractual obligations and did not breach any contract provisions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any breached contract provisions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Amended Complaint, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff have failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies, and/or policy conditions precedent available to it prior to commencing this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, without admitting (and specifically denying) the Defendant owed any duty to Plaintiff, any duty or obligation owed was fully performed, satisfied, and/or discharged.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by *res judicata*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the statute of limitations

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by set-off and/or recoupment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, and/or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's breach of contract cause of action is barred because the third party claimants are not intended beneficiaries of Progressive's insurance policies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant expressly reserves its right to assert additional defenses as may be warranted by facts obtained during the course of its investigation and/or discovery in this litigation.

**WHEREFORE**, having fully answered, Defendant Progressive Casualty Insurance Company prays that judgment be entered against Plaintiff, that the Amended Complaint be dismissed with prejudice, that Progressive be awarded all costs, disbursements, and fees incurred in the defense of this action, including, but not limited to, all attorneys' and expert witness fees, and that Progressive be awarded all such other relief as this Court may deem just, proper, and equitable.

Dated:  March 12, 2018

Respectfully submitted,

/s/ Kymberly Kochis

Kymberly Kochis
Michael R. Nelson
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone:  (212) 389-5000
Facsimile:  (212) 389-5099
kymkochis@eversheds-sutherland.com
mikenelson@eversheds-sutherland.com

**Attorneys for Defendant**
***PROGRESSIVE CASUALTY***
***INSURANCE COMPANY***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Answer to Plaintiff's Amended Complaint has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 12th day of March 2018.

<u>/s/ Kymberly Kochis</u>