**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PROFESSIONAL, INC., )
)
           Plaintiff, )
)
           vs. )    Civil Action No. 3:17-cv-185
)    Judge Stephanie L. Haines
PROGRESSIVE CASUALTY INSURANCE )
COMPANY, )
)
           Defendants.

## OPINION

This is a case brought by Professional, Inc., d/b/a Professionals Auto Body ("Plaintiff"),

against Progressive Casualty Insurance Company ("Defendant") alleging claims for, *inter alia*,

breach of contract and bad faith. Plaintiff alleges that Defendant failed to make full payments to

Plaintiff for repairs and services rendered to customer vehicles. Presently before the Court is

Defendant's motion for permission to file a summary judgment motion and all supporting

documents under seal [Doc. 54]. Defendant also requests a waiver of the requirement to file

redacted copies of those documents, and further asks that the case be sealed indefinitely. The

parties subsequently filed a joint notice indicating that Plaintiff does not oppose the relief sought

in Defendant's motion [Doc. 56]. Nevertheless, for the reasons that follow, Defendant's motion

will be **denied without prejudice**.

### I.    Background

On February 16, 2018, the Court,[1] pursuant to Federal Rule of Civil Procedure 26(c),

entered a protective order recognizing that discovery likely would involve the production of

---

[1] The protective order was signed by the Honorable Kim L. Gibson. This case subsequently
was reassigned to this member of the Court [Doc. 53].

1

"confidential, proprietary, or private information" warranting special protection [Doc. 36]. The protective order "does not confer blanket protection on all disclosures or responses to discovery, but affords protection from public disclosure of the information or items that are designated confidential pursuant to the Order" [*Id.* p. 1]. The order specifically recognizes that "the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise." (emphasis added) [*Id.* p. 3].

The order further provides that "[a]ll Confidential Material must be redacted before filing or filed under seal" and identifies Local Civil Rule 5.2(H) as establishing the procedures that must be followed when a party seeks permission from the court to file such material under seal [*Id.* at 5]. Rule 5.2(H) requires a party seeking to file any document under seal to obtain prior leave of court for each document that is requested to be filed under seal, and further provides that a party may file a document under seal only after obtaining an order of court.

Pursuant to the terms of the protective order and Local Rule 5.2(H), Defendant now seeks leave to file all of its summary judgment documents, to include the motion, the memorandum in support, the statement of material facts and the exhibits, under seal on the ground that they all "are comprised of and/or contain references to the confidential discovery" protected by the order.

## II. Standard

As the Third Circuit Court of Appeals recently has made clear, there are three distinct standards to be applied when considering the confidentiality of documents. *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 670 (3d Cir. 2019). When reviewing orders preserving the confidentiality of discovery materials pursuant to a protective order issued under Rule 26(c), the Court is to apply the factors set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92 (3d Cir. 1994). *Id.* However, when discovery

2

materials are filed as court documents, the more rigorous common law right of access standard is to be applied in determining whether those documents may be filed under seal. *Id.* Finally, the First Amendment right of public access attaches to, *inter alia*, civil trials. *Id.* (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984)). Here, because Defendant seeks leave to file summary judgment documents comprised of and containing confidential discovery material under seal on the court record, the standard governing the common law right of access applies.

The common law presumes that the public has a right of access to judicial materials. *Id.* at 672. This right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *Golden v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). A "judicial record" is a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Once a document becomes a judicial record, a presumption of access attaches. *See id.* at 192–93.

The right of access is not absolute, however, and may be rebutted. *Id.* The party seeking to overcome the presumption of access bears the burden of showing "'that the interest in secrecy outweighs the presumption.'" *Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). The movant must show "'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

While not absolute, the presumption of access is strong. Thus, before finding that the presumption has been overcome, a court must "articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and

3

'provide[ ] an opportunity for interested third parties to be heard.'" *Id.* at 672-3 (quoting *In re Cendant Corp.*, 260 F.3d at 194) (emphasis omitted; internal citations omitted).

In addition, because "careful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants," a court must "conduct[ ] a document-by-document review" of the contents of the challenged documents." *Id.* (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).

## III. Analysis

The Court begins its analysis by recognizing that the "strong presumption of openness does not permit the routine closing of judicial records to the public." *Miller*, 16 F.3d at 551. It is indisputable that documents filed in connection with a motion for summary judgment are judicial records. *Avandia*, 924 F.3d at 672. Accordingly, a strong presumption of access to those documents attaches and this Court must apply the exacting common law right of access standard in determining whether to permit Defendant to file those documents under seal. Under that standard, Defendant's motion is insufficient to overcome the presumption of public access.

Defendant contends that the sealing of every summary judgment document in its entirety is necessary because all of the documents are comprised of and contain confidential discovery information encompassed by the protective order. This confidential discovery contains detailed information about Defendant's proprietary claims handling policies and procedures, which, Defendant asserts, are unique and essential to maintaining a competitive edge over its competitors. Defendant considers its confidential and proprietary business processes to be "trade secrets" and asserts that it will suffer irreparable harm if its confidential information is filed on the public record.

4

As an initial matter, the mere fact that confidential discovery is the subject of a protective order is insufficient in and of itself to overcome the presumption of public access when that information is included in summary judgment documents filed on the public record. *See, e.g., Mine Safety Appliances Co. v. N. River Ins. Co.*, 73 F.Supp.3d 544, 563 (W.D. Pa. 2014) ("[m]eeting the good cause standard of Rule 26(c) cannot in itself provide the showing needed to seal the submission of judicial records to be utilized in a formal adjudication of central issues in a lawsuit") (citing *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 1336204, at \*4 (W.D. Pa. Mar. 29, 2013)). Rather, the more rigorous common law right of access standard is to be applied in determining whether confidential discovery documents may be filed under seal. *Avandia*, 924 F.3d at 670.

Thus, even if the parties agree pursuant to a protective order that material exchanged during discovery is confidential, the court nevertheless must closely scrutinize the materials filed in the case "to determine whether the public right of access has been overcome in order 'to protect the legitimate public interest in filed materials from . . . protective orders agreed to by the parties for their self-interests.' " *Mine Safety Appliances Co.*, 73 F.Supp.3d at 563 (quoting *Leucadia,* 998 F.2d at 166). And this is so even where, as here, the opposing party does not object to the sealed filing. It is the public's right of access that must be the starting point, and the scale is tipped at the outset in favor of access. *Avandia*, 924 F.3d at 677.

Moreover, in order to show that disclosure will work a serious injury under the common law right to access standard, "specificity is essential," and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673. Here, Defendant's motion contains nothing more than a broad, vague, and conclusory allegation of irreparable harm if its claim handling policies and procedures are filed in the public record that,

5

standing alone, is insufficient to overcome the presumption of public access.

Defendant further asserts that its claims handling policies are unique and essential to maintaining a competitive edge. While it is true that courts may permissibly seal judicial records "where they are sources of business information that might harm a litigant's competitive standing," *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (internal quotation marks omitted), it is impossible for the Court to make that determination when Defendant has not identified any specific information that it believes will harm its standing, but instead seeks a blanket order sealing all of the summary judgment record in its entirety.

In deciding whether to seal, *Avandia* requires this Court to conduct a document-by-document review, and further requires the Court to articulate the interests to be protected, engage in the balancing process and make specific findings on the record. 924 F.3d at 677. Here, Defendant has provided the Court with nothing but conclusory assertions that the entire summary judgment record will contain confidential business information, the disclosure of which will result in unidentified irreparable harm. A blanket order sealing the summary judgment motion, the supporting brief, the material statement of facts and all exhibits, in their entirety, clearly is not warranted under these circumstances. *See, e.g., Horsehead Corp. v. Omni Services, Inc.*, 2017 WL 11486398 (W.D.Pa., Aug. 18, 2017) (denying without prejudice motion for leave to file entire summary judgment motion, brief and statement of material facts under seal based on unidentified confidential documents).

## IV.     Conclusion

The common law right of access "disallows the routine and perfunctory closing of judicial records." *Avandia*, 924 F.3d at 677 (citing *In re Cendant Corp.*, 260 F.3d at 193–94). For the reasons set forth herein, the Court finds that Defendant's vague and conclusory assertions of

6

irreparable harm are insufficient to overcome the presumption of public access to documents filed in a federal court. Accordingly, Defendant's motion for leave to file its motion for summary judgment and all accompanying documents under seal will be denied without prejudice to Defendant's right to seek leave to file limited and identifiable portions of the summary judgment record under seal with sufficient specificity to allow this Court to undertake the requisite analysis.[2]

An appropriate order will follow.

Dated: January 31, 2020

Stephanie L. Haines
United States District Judge

---

[2] Recognizing that Defendant's summary judgment motion deadline is today, the Court would be amenable to entertaining a motion for an extension of that deadline if Defendant chooses to file one.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PROFESSIONAL, INC.,                          )
                                             )
                Plaintiff,                   )
                                             )
        vs.                                  )   Civil Action No. 3:17-cv-185
                                             )   Judge Stephanie L. Haines
PROGRESSIVE CASUALTY INSURANCE               )
COMPANY,                                     )
                                             )
                Defendants.

## **ORDER OF COURT**

AND NOW, this 31st day of January, 2020, for the reasons set forth in the accompanying

opinion, it is ORDERED that Defendant's motion for permission to file its motion for summary

judgment and supporting documents under seal [Doc. 54] hereby is **denied without prejudice.**

/Stephanie L. Haines
United States District Judge